**N. V. LEVENSVERZEKERING–MAAT-
SCHAPPIJ VAN DE NEDER-
LANDEN**

v.

**UNITED STATES.**

Civ. No. 4685.

United States District Court,
D. Connecticut.

March 23, 1954.

Robert C. Danaher, Buckley, Creedon, Gallivan & Danaher, Hartford, Conn., for plaintiff.

Simon S. Cohen, U. S. Atty., Hartford, Conn., H. Brian Holland, Asst. Atty. Gen., Walter B. Langley, and Andrew D. Sharpe, Special Assts. to the Atty. Gen., for defendant.

SMITH, District Judge.

The facts in this case are undisputed. Plaintiff's Withholding Agent in this country on March 15, 1948 paid a tax on behalf of plaintiff based on income receipts from dividends and interest received in 1947 on securities held here. A Treaty between the United States and the Kingdom of the Netherlands entered into in 1948 reduced or eliminated tax on these dividends and interest payments received, retroactive to January 1, 1947. This resulted in an overpayment of one-half the amount of tax paid on the dividends and all the tax paid on certain interest payments received, a total overpayment of $13,658.30.

The taxpayer itself filed no return, but on December 5, 1951, filed form 1120 NB (Netherlands) claiming refund of the

amount overpaid. On March 7, 1949 the Commissioner of Internal Revenue had promulgated regulations providing that a properly executed return on that form (1120 NB [Netherlands]) should constitute a claim for refund within the meaning of Section 322 of the Internal Revenue Code, 26 U.S.C.A. § 322, for the amount of the overpayment disclosed by such return.

■ Defendant in its argument on the motions for summary judgment raises two objections to the action for refund. First is the objection that this alien plaintiff may not sue unless it establishes that the laws of the Kingdom of the Netherlands grant to United States citizens in a similar situation the right to sue in the Courts of the Netherlands. An amendment to the complaint making the requisite allegation in this regard has now been filed, however, and the parties at the time of argument on the motion for summary judgment were not yet prepared to establish by stipulation or proof the state of Netherlands law in this regard. A genuine issue of material fact here exists. Summary judgment on that ground may not be granted.

The second and principal objection raised by defendant is the expiration of the statutory period for suit for refund under Section 322 (b) (1) of the Internal Revenue Code. If this section is applicable, plaintiff may not maintain this action, for no return having then been filed, no credit or refund might be allowed or made after two years from the time the tax was paid.

Taxpayer appears to make two principal arguments, that the provisions of the statute and regulations are inconsistent with the language of the treaty which is paramount, and that they defeat the purpose of the treaty, relief from double taxation and encouragement of economic recovery of the Netherlands.

■ This second argument is of little weight, for any statute of limitations on refund or recovery of taxes overpaid, so far as it is effective to cut off otherwise just claims, is in derogation of the purpose of the statute or treaty which created the claims. The need for putting an end to a claim period and arriving at a final balance of the results, the difficulties of arriving at just determination of stale disputes, the bases for statutes of repose, outweigh the purposes of original creation of the bases of the claims.

Nor do the regulations appear inconsistent with the language and intent of the treaty. The treaty itself in Article XXVI provides that the authorities of each of the Contracting States, in accordance with the practices of that State, may prescribe regulations necessary to carry out the provisions of the treaty.

Obviously some regulation for handling claims for refund would be necessary where the treaty reduced taxes retroactively.

The requirement of the filing of a return as part of the refund procedure is not unreasonable. A taxpayer such as the plaintiff might well have Withholding Agents in a number of States where securities might be required to be deposited by State law. The Commissioner would be entitled to require the taxpayer to combine the results of all its taxable receipts here by a return, so that its entire tax position for one period could be before him in acting on a claim for refund.

Is a treaty sufficiently different from a statute so that the contracting parties, under the specific power to make regulations to carry out the provisions of the treaty, may not put a period to the making of claims for refund?

The treaty itself does not attempt to set rates and methods of collection, refund and administration on the tax on dividends. It merely sets the maximum rate of 15%. It does exempt interest payments received from any tax.

It was however obviously intended not to eliminate or set up a parallel system of collection of the two nations' income taxes, but to continue the existing revenue systems with a limitation for the benefit of the nationals of each on the type of receipts to be subject to the

**118**

existing tax laws and on the maximum rates so far as dividends were concerned.

It would not appear that a reasonable period of limitation for refund claims under the Treaty is in conflict with the basic purposes of the Treaty, or that the limitations of the Internal Revenue Code are unreasonably short.

Summary judgment may be entered for the defendant, dismissing the action.